**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4136**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

        v.

BRAD SCOTT BRUCE, JR.,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:18-cr-00303-TDS-10)

Submitted: May 1, 2020                    Decided: May 12, 2020

Before WILKINSON, FLOYD, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brad Scott Bruce, Jr., pleaded guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2018). On appeal, Bruce's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but questioning the reasonableness of Bruce's sentence, whether Bruce was entitled to relief under the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194, specifically noting that Bruce was a first-time drug offender, and whether *United States v. Davis*, 139 S. Ct. 2319 (2019), impacts Bruce's conviction. Bruce has filed a pro se supplemental brief, challenging a weapon enhancement applied at sentencing and asserting that the district court erred by failing to give him safety valve relief under U.S. Sentencing Guidelines Manual § 5C1.2(a) (2018). We affirm.

We review a sentence, "whether inside, just outside, or significantly outside the [Sentencing] Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2018) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Id.* "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). "Where the defendant or prosecutor presents

2

nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted).

First, Bruce challenges the calculation of his advisory Guidelines range by arguing that the district court erroneously applied a weapon enhancement at sentencing. Because Bruce did not challenge the court's application of the enhancement below, we apply the rigorous plain error standard of review. *United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010). Under the plain error standard, we "will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the sentencing context, an error affects substantial rights if the defendant can "show that he would have received a lower sentence had the error not occurred." *United States v. Knight*, 606 F.3d 171, 178 (4th Cir. 2010).

For drug trafficking offenses, the Guidelines provide for a two-level enhancement to an offense level when the defendant possessed a dangerous weapon in connection with the offense. USSG § 2D1.1(b)(1). The enhancement "reflects the increased danger of violence when drug traffickers possess weapons" and "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.11(A). The Government bears the initial burden of proving that a

3

weapon was possessed in connection with drug activities. *United States v. Bolton*, 858

F.3d 905, 912 (4th Cir. 2017). To meet this burden,

> the Government must prove by a preponderance of the evidence that the
> weapon was possessed in connection with drug activity that was part of the
> same course of conduct or common scheme as the offense of conviction. . . .
> [H]owever, the Government does not need to prove precisely concurrent acts,
> such as a gun in hand while in the act of storing drugs. Rather, proof of
> constructive possession of the dangerous weapon is sufficient, and the
> Government is entitled to rely on circumstantial evidence to carry its burden.

*United States v. Manigan*, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal citations and

quotation marks omitted). "If the Government satisfies this burden, the defendant may

avoid the enhancement by showing that the weapon's link to his or her drug activities was

clearly improbable." *Bolton*, 858 F.3d at 912 (internal quotation marks omitted). After

reviewing the record, we conclude that sufficient evidence supports the weapon

enhancement because Bruce was arrested with drugs on his person and in constructive

possession of a firearm, and the district court permissibly credited a witness' unchallenged

statement that Bruce brought a handgun to multiple drug transactions. *See United States

v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017); *Manigan*, 592 F.3d at 628-29.

Turning to the safety valve issues, even though defense counsel asked the district

court to consider the fact that Bruce was a first-time drug offender, we review Bruce's

safety valve claims for plain error because counsel did not ask the court to impose a

sentence in accordance with its safety valve authority. *United States v. Cohen*, 888 F.3d

667, 678 (4th Cir. 2018). Under the safety valve, a court may impose a sentence pursuant

to the Guidelines without regard to any statutory minimum if five requirements are

satisfied. USSG § 5C1.2(a). Section 402 of the FSA amended the safety valve provision

4

in 18 U.S.C. § 3553(f) (2018), and expanded eligibility, but notably, did not alter the safety valve provisions of § 3553(f) or the Guidelines that bar relief if the defendant possessed a firearm. *See* § 3553(f)(2); USSG § 5C1.2(a)(2). As such, the weapon enhancement applied at sentencing rendered Bruce ineligible for safety valve relief under § 3553(f). Nevertheless, with respect to the Guidelines' safety valve provision, the application of the weapon enhancement does not automatically foreclose a safety valve reduction. *Bolton*, 858 F.3d at 914. Although "a defendant may be unable to show that any connection between a firearm and an offense is clearly improbable [in order to rebut the weapon enhancement], the same defendant might be able to prove by a preponderance of the evidence that the firearm was not connected with the offense to satisfy § 5C1.2(a)(2)." *Id.* (internal quotation marks omitted). However, Bruce made no attempt to make this showing at sentencing and, therefore, the district court did not err in failing to apply sua sponte USSG § 5C1.2(a)(2). To the extent counsel questions whether Bruce is eligible for relief under a different sentencing reform provision of the FSA, no such relief is available because Bruce pleaded guilty to conspiracy to distribute methamphetamine and was not subject to enhanced penalties under 21 U.S.C. § 841(b) (2018).

Next, we review the adequacy of the district court's sentencing explanation for plain error because Bruce did not object below "[b]y drawing arguments from [18 U.S.C.] § 3553 for a sentence different than the one ultimately imposed." *Lynn*, 592 F.3d at 577-78. Here, the court provided an individualized explanation of Bruce's sentence, but did not address all of the nonfrivolous arguments put forward by Bruce and his defense counsel. However, our review of the record reveals that such any error in the court's explanation did not affect

Bruce's substantial rights as the court ultimately imposed the sentence Bruce requested. Therefore, we conclude the district court did not impose a procedurally unreasonable sentence.

As there is no "significant procedural error," we next evaluate the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "[W]e are obliged to apply a presumption of reasonableness to a sentence within or below a properly calculated guidelines range. That presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (citation and internal quotation marks omitted). Bruce's sentence falls within or below the properly calculated advisory Guidelines range of 120 to 135 months in prison, and we conclude that Bruce has fails to rebut the presumption of substantive reasonableness.

We therefore affirm the judgment of the district court.[*] In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious grounds for appeal. This court requires that counsel inform Bruce, in writing, of the right to petition the Supreme Court of the United States for further review. If Bruce requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that

---

[*] We further conclude that the Supreme Court's decision in *Davis*, 139 S. Ct. at 2336 (holding residual clause of 18 U.S.C. § 924(c) (2018) unconstitutionally vague), does not apply to Bruce because he was not convicted under § 924(c).

6

a copy thereof was served on Bruce. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*